## CIRCUIT COURT FOR HAMILTON COUNTY
### State of Tennessee

| | |
|---|---|
| ASHLEY NICHOLE SEXTON,<br>as Executrix and<br>personal representative<br>of the estate of decedent<br>CHRISTOPHER DALTON SEXTON (Deceased),<br><br>      *Plaintiff,*<br><br>~v~<br><br>HAMILTON COUNTY GOVERNMENT, and<br><br>SPENCER DANIELS, BLAKE KILPATRICK,<br>DUSTIN BOWES, RICHARD A. PATTERSON,<br>BREVIN CAMERON, CHRISTOPHER WALKER,<br>in their individual capacities and their<br>official capacities as agents of Hamilton<br>County Government, and<br><br>UNKNOWN NUMBERS OF JOHN DOES,<br>in their individual capacities and their<br>official capacities as agents of Hamilton<br>County Government,<br><br>      *Defendants.* | No. 18C149<br><br>**JURY DEMAND** |



## COMPLAINT

PLAINTIFF, Ashley Nichole Sexton, in her capacity as Executrix and Personal

Representative of the Estate of Christopher Dalton Sexton ("Deceased"), for the causes of action,

will show the Court:

**Introduction:**

    1.    This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and

1988 to redress the deprivation of rights secured to Deceased by the Fourth, and Fourteenth

Amendments to the United States Constitution and for violations of the laws of the State of

Tennessee by the Defendants.

2. Plaintiff further brings this action against the Defendant, Hamilton County Government ("County") pursuant to TENN. CODE ANN. § 8-8-302.

3. Plaintiff further brings this action against the Defendant **Spencer Daniels**, who is and was a County Deputy that was in attendance and participated in the shooting of Deceased on January 17, 2017, described herein, as a County employee, in the scope of his employment.

4. Plaintiff further brings this action against the Defendant **Blake Kilpatrick**, who is and was a County Deputy that was in attendance and participated in the shooting of Deceased on January 17, 2017, described herein, as a County employee, in the scope of his employment.

5. Plaintiff further brings this action against the Defendant **Dustin Bowes**, who is and was a County Deputy that was in attendance and participated in the shooting of Deceased on January 17, 2017, described herein, as a County employee, in the scope of his employment.

6. Plaintiff further brings this action against the Defendant **Richard A. Patterson**, who is and was a County Deputy that was in attendance and participated in the shooting of Deceased on January 17, 2017, described herein, as a County employee, in the scope of his employment.

7. Plaintiff further brings this action against the Defendant **Brevin Cameron**, who is and was a County Deputy that was in attendance and participated in the shooting of Deceased on January 17, 2017, described herein, as a County employee, in the scope of his employment.

8. Plaintiff further brings this action against the Defendant **Christopher Walker**, who is and was a County Deputy that was in attendance and participated in the shooting of Deceased on January 17, 2017, described herein, as a County employee, in the scope of his employment. (Defendants Spencer Daniels, Blake Kilpatrick, Dustin Bowes, Richard A.

Patterson, Brevin Cameron, Christopher Walker and the Does Defendants also collectively referred to as "individual defendants")

9.     Plaintiff avers and brings this action against an unknown number of other individuals and/or entities including law enforcement agencies, counties of the State of Tennessee or municipality and their respective employees ("John Does," "Does" or " Doe defendants") that also participated in the shooting of Deceased on January 17, 2017, described herein, as County employees, in the scope of their employment.  (Defendants Spencer Daniels, Blake Kilpatrick, Dustin Bowes, Richard A. Patterson, Brevin Cameron, Christopher Walker hereinafter referred to as "Individual Defendants").

10.     Plaintiff avers that the Individual Defendants and/or Does, acted as agents and/or law enforcement officers employed by the County or their respective law enforcement agency or employer and were at all times relevant to this matter acting under color of law and under color of their offices with the County or their respective county or municipal entity.

11.     Plaintiff maintains that the Individual Defendants and Does committed these violations, further set forth herein, as a result of policies, customs, practices, and/or procedures of the County or their respective counties or municipal entities.

12.     At all times during the events herein described the Individual Defendants' and Does' acts and omissions subjected Deceased to mental anguish/emotional distress, humiliation, physical injuries, and death.

13.     At all times during the events herein described the Individual Defendants and Does failed to take action to prevent the Deceased from suffering pain and mental anguish, enduring humiliation, physical injuries, and death.

14. At all times during the events herein described the Individual Defendants and Does were engaged in a joint venture and assisted each other in performing the various acts described and lent their physical presence and support in performing their various actions as described and lent the authority of their respective offices to each other during the said events.

**Jurisdiction and Venue:**

15. This is an action to redress the deprivation of rights secured to Deceased by the Fourth, and Fourteenth Amendments to the United States Constitution (enforceable through 42 U.S.C. § 1983) and for violations of Tennessee law. Thus, as to the § 1983 claims, this Court is vested with original jurisdiction pursuant to the authority stated in <u>Haywood v. Drown</u>, 556 U.S. 729 (2009) and <u>Poling v. Goins</u>, 713 S.W.2d 305, 306 (Tenn. 1986). This Court is vested with original jurisdiction over Deceased's state claims pursuant to TENN. CODE ANN. § 16-10-101, <u>et seq</u>.

16. Venue is proper in this Court pursuant to TENN. CODE ANN. § 20-4-102. All acts complained of occurred within Hamilton County, Tennessee.

   a. Plaintiff is a resident of Hamilton County, Tennessee.

   b. Deceased was a resident of Hamilton County, Tennessee.

   c. To the best of Plaintiff's knowledge the Individual Defendants and Does are residents of Hamilton County, Tennessee.

   d. County is a political sub-division of the State of Tennessee.

**The Parties:**

17. At all times relevant to this cause of action, Deceased was a citizen of the United States and a resident and citizen of the State of Tennessee.

18.     At all times relevant to this cause of action, the County was a political sub-division of the State of Tennessee organized and existing under the laws of the State of Tennessee.

    a.      The County finances its law enforcement department identified and averred as the Hamilton County Sheriff's Department ("sheriff's department") and provides rules and regulations for the operation of the sheriff's department.

    b.      The County provides oversight of the hiring, training, supervision, discipline, and retention of all personnel in its sheriff's department.

19.     At all times relevant to this cause of action, the County is responsible for the creation and maintenance of its sheriff's department, which is a law enforcement agency created under Tennessee state law and regulated by the laws of the State of Tennessee.

    a.      The County is responsible for the creation, operation, and oversight of the sheriff's department.

    b.      The County is responsible for the safe and humane treatment of all persons by its agents.

    c.      Tennessee law prohibits the County from treating the Deceased or any person with undue rigor.

    d.      The County is responsible for the training and certification of its agents to include training of its agents in the proper use of force when confronting any person.

20.     Plaintiff sues the County in its governmental capacity.

21.     At all times relevant to this cause of action, the Individual Defendants and possibly some or all of the Does were employed by the County and acted under the color of law, statute, ordinance, regulation, custom, or usage and operated under color of their respective offices. In addition:

  a.     At all times relevant to this cause of action, the Individual Defendants and possibly some or all of the Does acted in their official capacities as agents, servants, and employees for the County as defined under TENN. CODE ANN. § 29-20-102.

  b.     Plaintiff sues the Individual Defendants and Does in their individual and official capacities.

**Factual Basis for Complaint:**

15.     On January 17, 2017, Deceased was operating his motor vehicle on the public roadways and streets located in Hamilton County, Tennessee at or near the City of Soddy Daisy and the area in Hamilton County, Tennessee, colloquially referred to as "Soddy" and/or "Soddy Daisy".

16.     The Individual Defendants and/or Does engaged Deceased in a vehicle chase through parts of Hamilton County.

17.     The Individual Defendants and/or Does caused the Deceased to stop his vehicle and parked on Sequoyah Access Road in Hamilton County, Tennessee near its intersection with Sequoyah Road.

18.     After being stopped by the Individual Defendants and/or Does, the Deceased exited his vehicle and began moving away from law enforcement, with his back to law enforcement.

19.     While Decedent was walking away from law enforcement the Individual Defendants and/or Does, situated behind Decedent began shooting their weapons at the Deceased striking the Deceased's body multiple times including in the back, buttocks and legs, and top of the head apparently after the Deceased was immobilized and mortally wounded or dead.

20.     The Individual Defendants and/or Does shot the Deceased from behind and did not shoot the Decedent while he was standing erect and facing the Individual Defendants and/or Does and did not shoot the Deceased from any point in front of Decedent.

21.     At no time did any Individual Defendants and/or Doe defendant claim to the Deceased they had an arrest warrant for Deceased or that they had cause to make an arrest of Deceased for any felony or for any misdemeanor committed in their presence.

22.     At no time did any Individual Defendants and/or Doe defendant claim to the Deceased they had a search warrant to make lawful entry into Deceased's vehicle.

23.     The Individual Defendants and/or Does parked their vehicles and took positions with their weapons to fire upon the Deceased without reasonable suspicion or probable cause to believe that the Deceased was a threat to the Individual Defendants or the Does or to anyone other than himself.

24.     As the Deceased walked away from the Individual Defendants and Does they shot the Deceased with their firearms, authorized and/or issued by the County, and acting under color of law and in their employment as Hamilton County Sheriff's Deputies or other law enforcement agency multiple times in the back, the back of Deceased's lower right leg, Deceased's side of his chest, and the top of his head until the Deceased was physically traumatized, immobilized and dead and possibly even after the Deceased was dead.

25. The Individual Defendants and/or Does, after killing Deceased, applied hand cuffs to the wrists of Deceased so tightly and aggressively that the hand cuffs dug and cut into Deceased skin on his wrists.

25. At no time did the Deceased make or pose any threat to the Individual Defendants or Does to harm, injure or impair the Individual Defendants or Does from conducting their duties as Hamilton County Sheriff's Deputies or law enforcement officers.

26. The Deceased did not harm, threaten to harm, injure, impede or interfere or endanger the Individual Defendants or Does or anyone in the public during the car chase pursued by the Individual Defendants and/or Does.

27. The Deceased did not harm, threaten to harm, damage impede or interfere with any public or private property during the vehicle chase or after the chase had ended and which was initiated and pursued by the Individual Defendants and/or Does.

28. The Deceased posed no threat of any type to any person or the public before or while the car chase was pursued and conducted by Individual Defendants and/or the Does.

29. The Deceased posed no threat of any type to any property, whether public or private during the car chase pursued by the Individual Defendants and/or Does.

30. The Individual Defendants and/or Doe defendants had their firearms drawn, and one or all of the individual defendants yelled at Deceased to exit the truck.

31. When the Deceased exited his truck and began walking away from the Individual Defendants and Does, the Individual Defendants and/or Does began shooting and shot over 40 rounds of ammunition at the Deceased hitting him six (6) times in the back; one (1) time in the back of his buttocks; two (2) times in the back of his lower left leg; one time in the back of his lower right leg; two (2) times on the left side of his chest, and one (1) time on the right side of

his abdomen as he walked away from the Individual Defendants and/or Does and as he lay bleeding and immobile and possibly dead upon or near Sequoyah Access Road in Hamilton County, Tennessee.

32.     The Individual Defendants and/or the Does, without any justification, opened fire on the Deceased in what can only be described as a hail of bullets.

33.     Deceased, in fear for his life from the unlawful and unreasonable use of deadly force by the Individual Defendants and/or Does attempted to walk away from the Individual Defendants and/or Does in an attempt to save himself.

34.     The Individual Defendants and/or Does shot the Deceased another time on the top of his head and the bullet travelled down through the top of Deceased's head, through his brain and flesh and lodged under the Deceased's chin.

35.     The Individual Defendants and/or Does continued to shoot Deceased as Deceased walked away from them.

36.     Deceased succumbed and fell to the ground after being shot many times by the Individual Defendants and/or Does.

37.     Deceased succumbed in a short time to the gunshot wounds and Deceased suffered horrific injuries and died.

## Count One:
## Violation of Civil Rights Under
## Color of Law 42 U.S.C. §1983 –

39.     The force used by the Individual Defendants amounted to unlawful force that carried a high risk of causing serious bodily harm and death, was unlawful, unnecessary and unreasonable under the circumstances and was the direct and proximate cause of Deceased's

injuries, needless suffering, humiliation, loss of enjoyment of life, and death. No reasonable officer would have acted in the manner as the individual defendants did in this incident.

40.     At no time did the Individual Defendants and/or Does have any lawful reason to use deadly force to prevent the Deceased from walking away from the Does.

41.     At no time while being pursued by the Individual Defendants and/or Does did Deceased act in such a manner as to lead any reasonable person and any reasonable police officer to believe that they were under attack by the Deceased.

42.     Plaintiff avers that such actions on the part of the Individual Defendants constitute a violation of § 1983 and were done to deprive the Deceased of the following rights guaranteed to him as established under the United States Constitution:

      a.     The right to be free from unreasonable seizures secured to him by the Fourth and Fourteenth Amendments;

      b.     The right not to be deprived of life, liberty or property without Due Process as secured to him by the Fourteenth Amendment.

      c.     The right to be free from the infliction of cruel and unusual punishment under the Eighth and Fifth Amendments without the Due process of Law.

43.     The County had a duty of care to the Deceased to ensure that its agents were properly trained in the use of force, but failed to properly train its agents. This failure constitutes deliberate indifference by the County and was the direct and proximate cause of Deceased's injuries, needless suffering, humiliation, loss of enjoyment of life, and death.

44.     The actions of the officers were done with actual malice toward the Deceased and with willful and wanton indifference to and with deliberate disregard for the constitutional rights and statutory civil rights of the Deceased and were the direct and proximate cause of Deceased's

injuries, needless suffering, humiliation, loss of enjoyment of life, and death. Thus the Deceased, through Plaintiff, is entitled to punitive damages, actual damages, and attorney fees pursuant to 42. U.S.C. §1988.

45.     The omissions of the County constitute deliberate indifference toward the Deceased and with willful and wanton indifference to and with deliberate disregard for the constitutional rights and statutory civil rights of the Deceased. This failure constitutes deliberate indifference and was the direct and proximate cause of Deceased's injuries, needless suffering, humiliation, loss of enjoyment of life, and death. Thus the Deceased, through Plaintiff, is entitled to actual damages, and attorney fees pursuant to 42. U.S.C. §1988.

46.     The Individual Defendants and/or Does acted under color of law and their negligence and intentional acts along with the deliberate indifference of the County and Does deprived the Deceased of the following rights secured to him as established under the United States Constitution:

      a.      The right to be free from unreasonable seizures secured to him by the Fourth and Fourteenth Amendments;

      b.      The right not to be deprived of life, liberty or property without Due Process as secured to him by the Fourteenth Amendment.

      c.      The right to be free from the infliction of cruel and unusual punishment under the Eighth and Fifth Amendments without the Due process of Law.

47.     Plaintiff sues the Individual Defendants and Does in their individual and official capacities and the County in its governmental capacity.

## Count Two:
## Wrongful Death - TENN. CODE ANN. § 20-5-106

48.     Based upon the Plaintiff's belief, the Individual Defendants and or Does were appointed or summoned by the Sheriff of Hamilton County, and were employed by the County to perform duties as law enforcement officers and at all times relevant to this matter acted within the color of their office.

49.     The individual Individual Defendants and or Does had a duty to not treat Deceased with undue rigor and to not use excessive force against the Deceased. The failure of the Individual Defendants and/or Does to not treat Deceased with undue rigor and to not use excessive force against the Deceased was the direct and proximate cause of the Deceased's unnecessary pain and suffering, humiliation, injuries, and resulted in Deceased's death.

50.     Plaintiff sues the Individual Defendants and Does in their individual and official capacities and the County pursuant to TENN. CODE ANN. § 8-8-302.

## Count Three:
## Negligence

51.     Based upon the Plaintiff's belief, the Individual Defendants and Does were appointed and or summoned by the Sheriff of Hamilton County, and were employed by the County to perform duties as law enforcement officers and at all times relevant to this matter acted within the color of their office.

52.     The Individual Defendants and/or Does had a duty to not treat the Deceased with undue rigor and to not use excessive force against the Deceased. The failure of the Individual Defendants and Does to not treat Deceased with undue rigor and to not use excessive force against the Deceased was the direct and proximate cause of the Deceased's unnecessary pain and suffering, humiliation, injuries, and resulted in Deceased's death.

53.     Plaintiff sues the Individual Defendants and Does in their individual and official capacities and the County pursuant to TENN. CODE ANN. § 8-8-302.

**Count Four:**
**Negligent Training**

54.     The County had a duty to ensure the Individual Defendants were properly trained in the use of deadly force.

55.     The lack of training constitutes deliberate indifference of the County and this lack of proper training by the County was the direct and proximate cause of the Deceased's unnecessary pain and suffering, humiliation, injuries, and resulted in Deceased's death.

56.     Plaintiff sues the Individual Defendants in their individual and official capacities and the County pursuant to TENN. CODE ANN. § 8-8-302.

**Count Five:**
**Battery**

57.     The Individual Defendants and/or Does acts and omissions as set forth herein constituted an unlawful battery that caused Deceased to needlessly suffer physical pain and mental suffering and anguish and were the direct and proximate cause of the Deceased's unnecessary pain and suffering, humiliation, injuries, and resulted in Deceased's death.

58.     Plaintiff sues the Individual Defendants and Does in their individual capacities.

**Count Six:**
**Assault**

59.     The Individual Defendants and Does acts and omissions as set forth herein constituted an unlawful assault that caused Deceased to needlessly suffer physical pain and mental suffering and anguish and were the direct and proximate cause of the Deceased's unnecessary pain and suffering, humiliation, injuries, and resulted in Deceased's death.

60.     Plaintiff sues the Individual Defendants and Does in their individual capacities.

**Count Six:**
**Intentional Infliction of**
**Emotional Distress**

61.     The Individual Defendants' acts and omissions as set forth caused Deceased to needlessly suffer physical pain and mental suffering and anguish and were the direct and proximate cause of the Deceased's unnecessary pain and suffering, humiliation, injuries, and resulted in Deceased's death.

62.     Plaintiff sues the Individual Defendants and Does in their individual capacities.

**WHEREFORE**, the Plaintiff demands judgment against the Individual Defendants and Does and requests the following relief:

A.     The Court to enter judgment against all Defendants named in the above-captioned matter and to award Plaintiff compensatory damages in the amount of Fifteen MILLION DOLLARS ($15,000,000);

B.     The Court to enter judgment against all Individual Defendants and Does and award Plaintiff punitive damages in the amount of TWENTY-FIVE MILLION DOLLARS ($25,000,000);

C.     That the Court award attorney's fees;

D.     That the Court award costs, and discretionary costs;

E.     Award judgment against the County and Individual Defendants and Does for any and all heath care costs and special costs;

F.     Award judgment against the County and the Individual Defendants and Does for all funeral, preparation of the body costs, and costs associated with the death of Decedent incurred as a result of the wrongful killing of Decedent;

F.     Any other relief the Court may deem fit and proper;

F.     Any other relief the Court may deem fit and proper pursuant to 42 U.S.C. § 1988,

and

G.     Allow a jury trial on all issues.

Respectfully submitted,
WELDON LAW FIRM

By: _____

**TOM. D. WELDON, JR.**
**TENN. BPR #21302**
**GA. STATE BAR #057843**
Attorney for Plaintiff
5902 Hwy 41
Ringgold, GA  30736
(706) 965-4007



# CIRCUIT COURT FOR HAMILTON COUNTY
## State of Tennessee

ASHLEY NICHOLE SEXTON,
as Executrix and
personal representative
of the estate of decedent
CHRISTOPHER DALTON SEXTON (Deceased),

§
§
§
§
§
§

*Plaintiff,*

§
§
§

~v~

§
§

HAMILTON COUNTY GOVERNMENT, and

§
§
§

SPENCER DANIELS, BLAKE KILPATRICK,
DUSTIN BOWES, RICHARD A. PATTERSON,
BREVIN CAMERON, CHRISTOPHER WALKER,
in their individual capacities and their
official capacities as agents of Hamilton
County Government, and

§
§
§
§
§
§
§

UNKNOWN NUMBERS OF JOHN DOES,
in their individual capacities and their
official capacities as agents of Hamilton
County Government,

§
§
§
§
§
§

*Defendants.*

§
§

No **18C149**

JURY DEMAND



## SUMMONS

TO:     **HAMILTON COUNTY GOVERNMENT**
        **c/o County Mayor Jim Coppinger**
        **208 Courthouse**
        **625 Georgia Avenue**
        **Chattanooga, TN 37402**

YOU ARE HEREBY SUMMONED to answer and make defense to a Bill of Complaint, which has been filed in the Circuit Court for Hamilton County, Tennessee, in the above-styled case. Your defense to this Complaint must be filed in the office of the Clerk of Court for Hamilton County, Tennessee, on or before thirty (30) days after service of this summons upon you. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

WITNESSED and issued this the _____ day of January, 2018.

**LARRY L. HENRY, CLERK**

BY: _____

DEPUTY CLERK

Attorneys for Plaintiff: Weldon Law Firm
5902 Highway 41, Ringgold, Georgia 30736

Plaintiff's Address: _____

Received this _____ day of _____, 20_____.

/S/ _____

DEPUTY SHERIFF

**STATE OF TENNESSEE**
**COUNTY OF HAMILTON**

I, Larry L. Henry, Clerk of Circuit Court, in and for the State and County aforesaid, hereby certify that the within and foregoing is a true and correct copy of the original writ of summons issued in this case.

**LARRY L. HENRY, CLERK**

BY: _____

DEPUTY CLERK

**OFFICER'S RETURN**

I CERTIFY that I served this Summons, together with the Complaint, as follow:

❑ On, _____, 20_____, I delivered a copy of the Summons and

Complaint to the Defendant, _____

_____

❑ Failed to serve this summons within 30 days because: _____

_____

**JIM HAMMOND, SHERIFF**

BY: _____
DEPUTY SHERIFF

## **CLERK'S RETURN**

I HEREBY ACKNOWLEDGE AND ACCEPT SERVICE of the within summons and receive copy of same, this _____ day of _____, 20_____.

_____
DEFENDANT

**LARRY L. HENRY, CLERK**

BY: _____
DEPUTY CLERK

## **NOTICE TO DEFENDANT(S)**

Tennessee law provides a four thousand ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks and other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

**CIRCUIT COURT FOR HAMILTON COUNTY**
**State of Tennessee**

ASHLEY NICHOLE SEXTON, §
as Executrix and §
personal representative §
of the estate of decedent §
CHRISTOPHER DALTON SEXTON (Deceased), §
§          No.: 18C149
*Plaintiff,* §
§
§          JURY DEMAND
~v~ §
§
HAMILTON COUNTY GOVERNMENT, and §
§
SPENCER DANIELS, BLAKE KILPATRICK, §
DUSTIN BOWES, RICHARD A. PATTERSON, §
BREVIN CAMERON, CHRISTOPHER WALKER, §
in their individual capacities and their §
official capacities as agents of Hamilton §
County Government, and §
§
UNKNOWN NUMBERS OF JOHN DOES, §
in their individual capacities and their §
official capacities as agents of Hamilton §
County Government, §
§
*Defendants.* §

## CERTIFICATE OF SERVICE OF COPIES OF ACKNOWLEDGMENT OF SERVICE OF COMPLAINT AND SUMMONS EXECUTED BY COUNSEL FOR DEFENDANTS SPENCER DANIELS, BLAKE KILPATRICK, DUSTIN BOWES, RICHARD A. PATTERSON, BREVIN CAMERON AND CHRISTOPHER WALKER

I, TOM D. WELDON, JR., Counsel for Plaintiff Ashley Nichole Sexton in the above-captioned matter, hereby certify that I have this day served copies of each Acknowledgement of Service of Complaint and Summons that was executed by W. Gerald Tidwell, counsel for Defendants: Spencer Daniels, Blake Kilpatrick, Dustin Bowes, Richard A. Patterson, Brevin Cameron and Christopher Walker, via United States First-Class Mail to

with sufficient postage to carry the same to their destination, upon the following:

W. Gerald Tidwell, Esq.
Tidwell & Izzel, Esq.
P.O. Box 4369
Chattanooga, TN 37405
*Counsel for Spencer Daniels, Blake Kilpatrick, Dustin Bowes, Richard A. Patterson, Brevin Cameron and Christopher Walker*

Via hand delivery to:

Hamilton County Government
c/o County Mayor Jim Coppinger
208 Courthouse
625 Georgia Avenue
Chattanooga, TN 37402

Hamilton County Government
c/o Rheubin Taylor, County Attorney
204 Courthouse
625 Georgia Avenue
Chattanooga, TN 37402

Respectfully submitted, this 25th day of January, 2018.

WELDON LAW FIRM

Tom D. Weldon, Jr.
Tenn. BPR No. 21302
Attorney for Ashley Nichole Sexton

Weldon Law Firm
5902 Highway 41
Ringgold, GA 30736
(706) 965-4007

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing CERTIFICATE OF SERVICE OF COPIES OF ACKNOWLEDGMENTS OF SERVICE OF COMPLAINT AND SUMMONS EXECUTED BY COUNSEL FOR DEFENDANTS SPENCER DANIELS, BLAKE KILPATRICK, DUSTIN BOWES, RICHARD A. PATTERSON, BREVIN CAMERON AND CHRISTOPHER WALKER has been served via United States First-Class Mail, with sufficient postage to carry the same to its destination, upon the following persons:

> W. Gerald Tidwell, Esq.
> Tidwell & Izzel, Esq.
> P.O. Box 4369
> Chattanooga, TN 37405
> *Counsel for Spencer Daniels, Blake Kilpatrick, Dustin Bowes, Richard A. Patterson, Brevin Cameron and Christopher Walker*

Via hand delivery to:

> Hamilton County Government
> c/o County Mayor Jim Coppinger
> 208 Courthouse
> 625 Georgia Avenue
> Chattanooga, TN 37402

> Hamilton County Government
> c/o Rheubin Taylor, County Attorney
> 204 Courthouse
> 625 Georgia Avenue
> Chattanooga, TN 37402

This _25th_ day of January, 2018.

_____
Tom D. Weldon, Jr.



RECEIVED

JAN 25 2018

HAMILTON C.
ATTORNEYS

## CIRCUIT COURT FOR HAMILTON COUNTY
### State of Tennessee

| | |
|---|---|
| ASHLEY NICHOLE SEXTON, §<br>as Executrix and §<br>personal representative §<br>of the estate of decedent §<br>CHRISTOPHER DALTON SEXTON (Deceased), §<br>§<br>*Plaintiff,* §<br>§<br>~v~ §<br>§<br>HAMILTON COUNTY GOVERNMENT, and §<br>§<br>SPENCER DANIELS, BLAKE KILPATRICK, §<br>DUSTIN BOWES, RICHARD A. PATTERSON, §<br>BREVIN CAMERON, CHRISTOPHER WALKER, §<br>in their individual capacities and their §<br>official capacities as agents of Hamilton §<br>County Government, and §<br>§<br>UNKNOWN NUMBERS OF JOHN DOES, §<br>in their individual capacities and their §<br>official capacities as agents of Hamilton §<br>County Government, §<br>§<br>*Defendants.* § | No.: 18C149<br><br>JURY DEMAND |

## ACKNOWLEDGEMENT OF SERVICE OF COMPLAINT AND SUMMONS BY COUNSEL FOR DEFENDANT SPENCER DANIELS

I, ~~Gerald W.~~ W. Grady WM Tidwell, Esquire, am an attorney, licensed to practice law in the State of Tennessee,

and I represent **Spencer Daniels**, Defendant in the above-captioned matter and I, on behalf of Defendant

Spencer Daniels, hereby acknowledge service and receipt of a properly executed SUMMONS that has

been filed with the Clerk of the Circuit Court of Hamilton County, Tennessee, in the above-captioned

matter and that has been signed by Cherish Smith, a Deputy Clerk of Circuit Court of Hamilton County,

Tennessee, and which is stamped: "FILED IN OFFICE; 2018 JAN 18 PM 3:51; LARRY L. HENRY, CLERK; BY __'CS'__ DC" and which is initialed in blue ink, by the Deputy Clerk of Court, Cherish Smith, and contains 3 total pages.

I, on behalf of Defendant Spencer Daniels, hereby further acknowledge service and receipt of a correct and complete copy of the COMPLAINT document that has been filed with the Clerk of Circuit Court of Hamilton County, Tennessee, in the above-captioned matter and which is stamped "FILED IN OFFICE; 2018 JAN 18 PM 3:51; LARRY L. HENRY, CLERK; BY __'CS'__ DC" and which is initialed in blue ink, by the Deputy Clerk of Court, Cherish Smith, and which contains 15 pages.

Dated: this 19th day of January 2018.

_____
W. Gerald W. Tidwell, Esquire, Counsel for Defendant Spencer Daniels



RECEIVED
JAN 25 2018
HAMILTON C.
ATTORNEYS

## CIRCUIT COURT FOR HAMILTON COUNTY
### State of Tennessee

| | | |
|---|---|---|
| ASHLEY NICHOLE SEXTON, as Executrix and personal representative of the estate of decedent CHRISTOPHER DALTON SEXTON (Deceased), | § § § § § § | |
| *Plaintiff,* | § § § | No.: <u>18C149</u> |
| ~v~ | § § § | JURY DEMAND |
| HAMILTON COUNTY GOVERNMENT, and | § § | |
| SPENCER DANIELS, BLAKE KILPATRICK, DUSTIN BOWES, RICHARD A. PATTERSON, BREVIN CAMERON, CHRISTOPHER WALKER, in their individual capacities and their official capacities as agents of Hamilton County Government, and | § § § § § § | |
| UNKNOWN NUMBERS OF JOHN DOES, in their individual capacities and their official capacities as agents of Hamilton County Government, | § § § § § § | |
| *Defendants.* | § § | |

---

### <u>ACKNOWLEDGEMENT OF SERVICE OF COMPLAINT AND SUMMONS BY COUNSEL FOR DEFENDANT BLAKE KILPATRICK</u>

I, ~~Gerald W.~~ Tidwell, Esquire, am an attorney, licensed to practice law in the State of

Tennessee, and I represent **Blake Kilpatrick**, Defendant in the above-captioned matter and I,

on behalf of Defendant Blake Kilpatrick, hereby acknowledge service and receipt of a properly

executed SUMMONS that has been filed with the Clerk of the Circuit Court of Hamilton

County, Tennessee, in the above-captioned matter and that has been signed by Cherish Smith,

a Deputy Clerk of Circuit Court of Hamilton County, Tennessee, and which is stamped: "FILED IN OFFICE; 2018 JAN 18 PM 3:52; LARRY L. HENRY, CLERK; BY ___'CS'___ DC" and which is initialed in blue ink, by the Deputy Clerk of Court, Cherish Smith, and contains 3 total pages.

I, on behalf of Defendant Blake Kilpatrick, hereby further acknowledge service and receipt of a correct and complete copy of the COMPLAINT document that has been filed with the Clerk of Circuit Court of Hamilton County, Tennessee, in the above-captioned matter and which is stamped "FILED IN OFFICE; 2018 JAN 18 PM 3:52; LARRY L. HENRY, CLERK; BY 'CS'___ DC" and which is initialed in blue ink, by the Deputy Clerk of Court, Cherish Smith, and which contains 15 pages.

Dated: this 19th day of January 2018.

_____
Gerald W. Tidwell, Esquire, Counsel for
Defendant Blake Kilpatrick



## CIRCUIT COURT FOR HAMILTON COUNTY
### State of Tennessee

ASHLEY NICHOLE SEXTON,  §
as Executrix and  §
personal representative  §
of the estate of decedent  §
CHRISTOPHER DALTON SEXTON (Deceased),  §
§ No.: 18C149
*Plaintiff,*  §
§
§
~v~  §
§ JURY DEMAND
§
HAMILTON COUNTY GOVERNMENT, and  §
§
SPENCER DANIELS, BLAKE KILPATRICK,  §
DUSTIN BOWES, RICHARD A. PATTERSON,  §
BREVIN CAMERON, CHRISTOPHER WALKER,  §
in their individual capacities and their  §
official capacities as agents of Hamilton  §
County Government, and  §
§
UNKNOWN NUMBERS OF JOHN DOES,  §
in their individual capacities and their  §
official capacities as agents of Hamilton  §
County Government,  §
§
*Defendants.*  §

---

### ACKNOWLEDGEMENT OF SERVICE OF COMPLAINT AND SUMMONS BY COUNSEL
### FOR DEFENDANT DUSTIN BOWES

I, ~~Gerald W.~~ *W. Gerald* Tidwell, Esquire, am an attorney, licensed to practice law in the State of

Tennessee, and I represent **Dustin Bowes**, Defendant in the above-captioned matter and I, on

behalf of Defendant Dustin Bowes, hereby acknowledge service and receipt of a properly

executed SUMMONS that has been filed with the Clerk of the Circuit Court of Hamilton

County, Tennessee, in the above-captioned matter and that has been signed by Cherish Smith,

Page **1** of **2**

a Deputy Clerk of Circuit Court of Hamilton County, Tennessee, and which is stamped: "FILED IN OFFICE; 2018 JAN 18 PM 3:53; LARRY L. HENRY, CLERK; BY __'CS'__ DC" and which is initialed in blue ink, by the Deputy Clerk of Court, Cherish Smith, and contains 3 total pages.

I, on behalf of Defendant Dustin Bowes, hereby further acknowledge service and receipt of a correct and complete copy of the COMPLAINT document that has been filed with the Clerk of Circuit Court of Hamilton County, Tennessee, in the above-captioned matter and which is stamped "FILED IN OFFICE; 2018 JAN 18 PM 3:53; LARRY L. HENRY, CLERK; BY 'CS'__ DC" and which is initialed in blue ink, by the Deputy Clerk of Court, Cherish Smith, and which contains 15 pages.

Dated: this 19th day of January 2018.

Gerald W. Tidwell, Esquire, Counsel for
Defendant Dustin Bowes



# CIRCUIT COURT FOR HAMILTON COUNTY
## State of Tennessee

ASHLEY NICHOLE SEXTON, §
as Executrix and §
personal representative §
of the estate of decedent §
CHRISTOPHER DALTON SEXTON (Deceased), §
§ No.: 18C149
*Plaintiff*, §
§
~v~ § JURY DEMAND
§
HAMILTON COUNTY GOVERNMENT, and §
§
SPENCER DANIELS, BLAKE KILPATRICK, §
DUSTIN BOWES, RICHARD A. PATTERSON, §
BREVIN CAMERON, CHRISTOPHER WALKER, §
in their individual capacities and their §
official capacities as agents of Hamilton §
County Government, and §
§
UNKNOWN NUMBERS OF JOHN DOES, §
in their individual capacities and their §
official capacities as agents of Hamilton §
County Government, §
§
*Defendants*. §

## ACKNOWLEDGEMENT OF SERVICE OF COMPLAINT AND SUMMONS BY COUNSEL FOR DEFENDANT RICHARD A. PATTERSON

I, ~~Gerald W.~~ Tidwell, Esquire, am an attorney, licensed to practice law in the State of

Tennessee, and I represent **Richard A. Patterson**, Defendant in the above-captioned matter

and I, on behalf of Defendant Richard A. Patterson, hereby acknowledge service and receipt of

a properly executed SUMMONS that has been filed with the Clerk of the Circuit Court of

Hamilton County, Tennessee, in the above-captioned matter and that has been signed by

Page **1** of **2**

Cherish Smith, a Deputy Clerk of Circuit Court of Hamilton County, Tennessee, and which is stamped: "FILED IN OFFICE; 2018 JAN 18 PM 3:54; LARRY L. HENRY, CLERK; BY _'CS' DC" and which is initialed in blue ink, by the Deputy Clerk of Court, Cherish Smith, and contains 3 total pages.

I, on behalf of Defendant Richard A. Patterson, hereby further acknowledge service and receipt of a correct and complete copy of the COMPLAINT document that has been filed with the Clerk of Circuit Court of Hamilton County, Tennessee, in the above-captioned matter and which is stamped "FILED IN OFFICE; 2018 JAN 18 PM 3:54; LARRY L. HENRY, CLERK; BY 'CS'_ DC" and which is initialed in blue ink, by the Deputy Clerk of Court, Cherish Smith, and which contains 15 pages.

Dated: this 19th day of January 2018.

Gerald W. Tidwell, Esquire, Counsel for
Defendant Richard A. Patterson



RECEIVED
JAN 2 5 2018
HAMILTON
ATTORNEY

## CIRCUIT COURT FOR HAMILTON COUNTY
### State of Tennessee

ASHLEY NICHOLE SEXTON,          §
as Executrix and                §
personal representative         §
of the estate of decedent       §
CHRISTOPHER DALTON SEXTON (Deceased), §
                                §       No.: <u>18C149</u>
          *Plaintiff,*          §
                                §
                                §       JURY DEMAND
~v~                             §
                                §
HAMILTON COUNTY GOVERNMENT, and §
                                §
SPENCER DANIELS, BLAKE KILPATRICK, §
DUSTIN BOWES, RICHARD A. PATTERSON, §
BREVIN CAMERON, CHRISTOPHER WALKER, §
in their individual capacities and their §
official capacities as agents of Hamilton §
County Government, and          §
                                §
UNKNOWN NUMBERS OF JOHN DOES,   §
in their individual capacities and their §
official capacities as agents of Hamilton §
County Government,              §
                                §
          *Defendants.*         §

### ACKNOWLEDGEMENT OF SERVICE OF COMPLAINT AND SUMMONS BY COUNSEL
### FOR DEFENDANT BREVIN CAMERON

I, ~~Gerald W.~~ *W. Gerald* Tidwell, Esquire, am an attorney, licensed to practice law in the State of

Tennessee, and I represent **BREVIN CAMERON**, Defendant in the above-captioned matter

and I, on behalf of Defendant Brevin Cameron, hereby acknowledge service and receipt of a

properly executed SUMMONS that has been filed with the Clerk of the Circuit Court of

Hamilton County, Tennessee, in the above-captioned matter and that has been signed by

Cherish Smith, a Deputy Clerk of Circuit Court of Hamilton County, Tennessee, and which is stamped: "FILED IN OFFICE; 2018 JAN 18 PM 3:55; LARRY L. HENRY, CLERK; BY ‗'CS' DC" and which is initialed in blue ink, by the Deputy Clerk of Court, Cherish Smith, and contains 3 total pages.

I, on behalf of Defendant Brevin Cameron, hereby further acknowledge service and receipt of a correct and complete copy of the COMPLAINT document that has been filed with the Clerk of Circuit Court of Hamilton County, Tennessee, in the above-captioned matter and which is stamped "FILED IN OFFICE; 2018 JAN 18 PM 3:55; LARRY L. HENRY, CLERK; BY ‗'CS'__ DC" and which is initialed in blue ink, by the Deputy Clerk of Court, Cherish Smith, and which contains 15 pages.

Dated: this 19th day of January 2018.

_W. Gerald_ ~~Gerald W.~~ Tidwell, Esquire, Counsel for
Defendant Brevin Cameron



## CIRCUIT COURT FOR HAMILTON COUNTY
### State of Tennessee

| | | |
|---|---|---|
| ASHLEY NICHOLE SEXTON,<br>as Executrix and<br>personal representative<br>of the estate of decedent<br>CHRISTOPHER DALTON SEXTON (Deceased),<br><br>*Plaintiff,*<br><br>~V~<br><br>HAMILTON COUNTY GOVERNMENT, and<br><br>SPENCER DANIELS, BLAKE KILPATRICK,<br>DUSTIN BOWES, RICHARD A. PATTERSON,<br>BREVIN CAMERON, CHRISTOPHER WALKER,<br>in their individual capacities and their<br>official capacities as agents of Hamilton<br>County Government, and<br><br>UNKNOWN NUMBERS OF JOHN DOES,<br>in their individual capacities and their<br>official capacities as agents of Hamilton<br>County Government,<br><br>*Defendants.* | § § § § § § § § § § § § § § § § § § § § § § § § § | No.: <u>18C149</u><br><br>JURY DEMAND |

### ACKNOWLEDGEMENT OF SERVICE OF COMPLAINT AND SUMMONS BY COUNSEL FOR DEFENDANT CHRISTOPHER WALKER

I, ~~Gerald W.~~ W. Gerald Tidwell, Esquire, am an attorney, licensed to practice law in the State of

Tennessee, and I represent **Christopher Walker**, Defendant in the above-captioned matter and

I, on behalf of Defendant Christopher Walker, hereby acknowledge service and receipt of a

properly executed SUMMONS that has been filed with the Clerk of the Circuit Court of

Hamilton County, Tennessee, in the above-captioned matter and that has been signed by

Cherish Smith, a Deputy Clerk of Circuit Court of Hamilton County, Tennessee, and which is stamped: "FILED IN OFFICE; 2018 JAN 18 PM 3:56; LARRY L. HENRY, CLERK; BY _'CS' DC" and which is initialed in blue ink, by the Deputy Clerk of Court, Cherish Smith, and contains 3 total pages.

I, on behalf of Defendant Christopher Walker, hereby further acknowledge service and receipt of a correct and complete copy of the COMPLAINT document that has been filed with the Clerk of Circuit Court of Hamilton County, Tennessee, in the above-captioned matter and which is stamped "FILED IN OFFICE; 2018 JAN 18 PM 3:56; LARRY L. HENRY, CLERK; BY 'CS'__ DC" and which is initialed in blue ink, by the Deputy Clerk of Court, Cherish Smith, and which contains 15 pages.

Dated: this 19th day of January 2018.

_____
Gerald W. Tidwell, Esquire, Counsel for
Defendant Christopher Walker